UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JUNE BLOCKER, | Petitioner, |
| v. | Civil Action No. 3:21-cv-123-DJH-LLK |
| JANET CONOVER, Warden, and RODNEY BALLARD, Commissioner, | Respondents. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

June Blocker petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 1) Respondents Warden Janet Conover and Commissioner Rodney Ballard opposed Blocker's petition. (D.N. 9) The Court referred the matter to Magistrate Judge Lanny King for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.N. 7) Judge King issued his Amended Findings of Fact, Conclusions of Law, and Recommendation on September 22, 2021, recommending that Blocker's petition be denied. (D.N. 15) Blocker timely objected. (D.N. 18) For the reasons explained below, the Court will overrule Blocker's objections and adopt Judge King's Amended Findings of Fact, Conclusions of Law, and Recommendation, denying Blocker's petition.

### I.

Blocker, an inmate at the Kentucky Correctional Institute for Women, sought restoration of good-time credits lost due to three disciplinary violations. (D.N. 1; *see* D.N. 9-1; D.N. 9-2; D.N. 9-3) After a prison disciplinary hearing, Blocker was found guilty of tampering with a prison security camera and assaulting and attempting to assault two KCIW employees. (*See* D.N. 9-1; D.N. 9-2; D.N. 9-3) As a result, she received (1) a loss of 730 days of non-restorable good time and thirty days in disciplinary segregation; (2) a loss of ninety days of restorable good time and

1

fifteen days in disciplinary segregation; and (3) a loss of 904 days of non-restorable good time.[1] (D.N. 9-1, PageID # 146; D.N. 9-2, PageID # 162; D.N. 9-3, PageID # 168)  Blocker appealed the decision to the warden, claiming that the incidents were due to her bipolar disorder and that she therefore could not be held accountable for her actions.  (*See* D.N. 9-1, PageID # 148–49)  The warden remanded the matter for a new hearing in light of this claim.  (D.N. 9-3, PageID # 170)

At the rehearing, the adjudicator considered new evidence from a mental-health professional, who determined that Blocker could "be held accountable" for the violations despite her mental-health issues.  (D.N. 1-2, PageID # 33; *see* D.N. 1-1)  The adjudicator thus found Blocker guilty and sentenced her to (1) a loss of 730 days of non-restorable good time and thirty days in disciplinary segregation; (2) a loss of ninety days of restorable good time and fifteen days in disciplinary segregation; and (3) a loss of 730 days of non-restorable good time and thirty days in disciplinary segregation, to run concurrently.  (D.N. 9-1, PageID # 150; D.N. 9-2, PageID # 164; D.N. 9-3, PageID # 170; *see* D.N. 1-6, PageID # 46)  The warden affirmed.  (D.N. 9-1, PageID # 151; D.N. 9-2, PageID # 165; D.N. 9-3, PageID # 171)

Blocker subsequently petitioned the Shelby Circuit Court for a declaration of rights, arguing that the Kentucky Department of Corrections violated her due process rights by failing to adequately consider her bipolar disorder in adjudicating her guilt.  (*See* D.N. 1-5)  Although the Shelby Circuit Court determined that Blocker's due process rights were violated (*id.*), the Kentucky Court of Appeals reversed.  (D.N. 1-6)  The Court of Appeals held that KCIW provided Blocker "minimal due process," as required in prison disciplinary proceedings.  (*Id.*, PageID # 49–55 (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–57 (1974); *Ramirez v. Nietzel*, 424 S.W.3d 911,

---

[1] Blocker also pleaded guilty to third-degree assault in state court for the incident and was sentenced to two years of imprisonment, to run concurrent with her previous sentence.  (D.N. 1-4)  Blocker does not challenge this conviction.

2

916 (Ky. 2014))) Moreover, it determined that "a lack of intent due to mental illness" is not "a defense in the context of a disciplinary proceeding." (*Id.*, PageID # 51–52) The Kentucky Supreme Court declined to review the decision. (D.N. 1-15)

Blocker petitioned for habeas corpus under 28 U.S.C. § 2254 in this Court on February 24, 2021. (D.N. 1) As grounds for her petition, Blocker asserted that (1) her due process rights were violated during the disciplinary proceeding because the adjudicator did not permit Blocker to present evidence that she lacked the intent to commit the violations; (2) her due process rights were violated because KCIW failed to provide her with her daily bipolar medication; (3) the disciplinary proceeding failed to follow Kentucky Department of Corrections Policies and Procedures; and (4) she was denied a copy of her medical record during the disciplinary proceeding. (*Id.*, PageID # 5–10) The Court referred the matter to Magistrate Judge Lanny King for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.N. 7) Judge King issued his Findings of Fact, Conclusions of Law, and Recommendation on September 2, 2021, recommending that Blocker's petition be denied. (D.N. 11) Following an extension of the reply deadline, Blocker replied. (D.N. 13; *see* D.N. 12; D.N. 14) Judge King then issued his Amended Findings of Fact, Conclusions of Law, and Recommendation on September 22, 2021, recommending that Blocker's petition be denied and that his original report and recommendation be overruled as moot. (D.N. 15) Blocker timely objected to the amended report and recommendation. (D.N. 18)

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no

3

objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review de novo the portions of Judge King's amended recommendation to which Blocker objects.[2]

**A.**

A writ of habeas corpus is the proper remedy for an inmate seeking a restoration of good-time credits lost from a prison disciplinary proceeding. *Wolff*, 418 U.S. at 554 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act (AEDPA), which amended § 2254(d), provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "A state court adjudication is 'contrary to' Supreme Court precedent under § 2254(d)(1) 'if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially

---

[2] Blocker objects to the magistrate judge's findings only as to Ground One of her petition. (*See* D.N. 18) Respondents do not object to any part of the report and recommendation.

indistinguishable from a decision [of the Supreme Court] and nevertheless arrives at a [different result].'" *Hill v. Curtin*, 792 F.3d 670, 676 (6th Cir. 2015) (en banc) (alterations in original) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

## B.

Blocker asserted that her due process rights were violated during the prison disciplinary proceedings because she was unable to introduce evidence that due to her bipolar disorder, she lacked the intent to commit the violations. (D.N. 1, PageID # 5–6; *see* D.N. 16, PageID # 214–17) Judge King concluded that the Kentucky Court of Appeals previously rejected this claim and that no Supreme Court authority was contrary to that holding. (D.N. 15, PageID # 209) Blocker objects, arguing that she should have been provided the opportunity to submit evidence of her bipolar disorder to demonstrate a lack of intent. (D.N. 18, PageID # 224–25)

As previously explained, Blocker must show that the Kentucky Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See Hill*, 792 F.3d at 676. The Kentucky Court of Appeals correctly noted that Blocker, as an inmate subject to prison disciplinary proceedings, was entitled to "minimal due process." (D.N. 1-6, PageID # 49 (citing *Wolff*, 418 U.S. at 555–57; *Ramirez*, 424 S.W.3d at 916)) The court further determined that KCIW complied with this requirement and that Blocker's adjudication was supported by evidence in the record. (*Id.*, PageID # 50) While the court acknowledged that a prison must provide "an opportunity, when consistent with institutional safety and correction goals, to call witnesses and present documentary evidence in [the inmate's] defense," it reasoned that no statutes, regulations, or case law supported lack of capacity as a defense for violation of a prison regulation. (*Id.*, PageID # 51–55 (alteration in original) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)) (internal quotation marks omitted))

Blocker contends that the reasoning in *Elonis v. United States*, 575 U.S. 723 (2011), should extend to prison regulations. (D.N. 18, PageID # 225) While the Supreme Court in *Elonis* noted that criminal statutes generally "include broadly applicable scienter requirements, even where the statute by its terms does not contain them," it has not extended this finding to prison regulations. *See* 575 U.S. at 734 (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 70 (1994)) (internal quotation marks omitted). Blocker has therefore failed to show that the Kentucky Court of Appeals' decision was contrary to, or an unreasonable application of, federal law. *See Hill*, 792 F.3d at 676 ("The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions." (citing *White v. Woodall*, 572 U.S. 415, 419 (2014))). The Court will thus overrule Blocker's objection and deny her petition. In reaching this result, the Court does not conclude that KCIW acted appropriately at all relevant times. The Court observes that had KCIW addressed Blocker's mental health issue as efficiently as it adjudicated her infractions, this matter may have turned out differently for all involved.[3]

---

[3] The record shows that Blocker was not provided medication for her mental health condition because, according to the adjudicator, the KCIW pharmacy "had been out of [the medication] prior to th[e] incident." (D.N. 9-1, PageID # 150; D.N. 9-2, PageID # 164; D.N. 9-3, PageID # 170) This appears inconsistent with the Department of Corrections' mission statement. *See* Commonwealth of Kentucky Department of Corrections, *Mental Health*, https://corrections.ky.gov/Divisions/healthservices/Pages/mentalhealth.aspx (last visited May 11, 2022).

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The Amended Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Lanny King (D.N. 15) are **ADOPTED** and **INCORPORATED** herein.  The original Findings of Fact, Conclusions of Law, and Recommendation of Judge King (D.N. 11) are **OVERRULED** as moot.

(2)    Blocker's objection to the magistrate judge's amended recommendation (D.N. 18) is **OVERRULED**.

(3)    A separate judgment will be entered this date.

May 11, 2022

David J. Hale, Judge
United States District Court